IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN CONTRERAS, et al.,

        Plaintiffs,

v.                              No. 10-cv-01091 MV/KBM

CITY OF ALBUQUERQUE, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Nicole Breese's Motion to Dismiss Plaintiffs' Amended Complaint with Prejudice (Doc. 13) and Defendants David Taylor and Michael Hernandez's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint with Prejudice (Doc. 15). Having reviewed the briefs, relevant legal authority, and being otherwise fully informed, the Court finds that Nicole Breese's Motion to Dismiss Plaintiffs' Amended Complaint with Prejudice should be **GRANTED** and that Defendants David Taylor and Michael Hernandez's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint with Prejudice should be **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiffs Benjamin Contreras and Ruth Contreras filed this lawsuit against the City of Albuquerque, Albuquerque Police Department law enforcement officers David Taylor and Michael Hernandez, and Albuquerque Police Department 911 dispatcher Nicole Breese. (Doc. 1-1 at ¶¶ 5-9). In their Amended Complaint for Damages, Plaintiffs allege that on October 6, 2007, Plaintiff Ruth Contreras called 911 and told the dispatcher, Ms. Breese, that her son, Plaintiff Benjamin Contreras, was experiencing mental health issues. (*Id.* at ¶ 10). Ms. Contreras requested that someone from the Albuquerque Police Department visit her son's

house and perform a health and welfare check. (*Id.* at ¶ 11). She further advised the dispatcher that her son would respond poorly if confronted by uniformed police offers and requested an officer who was specially trained to handle mental health family crises. (*Id.* at ¶ 12). According to Plaintiffs, Ms. Breese advised Ms. Contreras that no one would harm her son and then Ms. Breese dispatched officers to Benjamin Contreras's residence, characterizing the type of call as a family fight. (*Id.* at ¶ 13).

Defendants Taylor and Hernandez, Albuquerque Police Department officers, met Ms. Contreras, her husband, and Plaintiff Benjamin Contreras's wife at Plaintiff Benjamin Contreras's home. (*Id.* at ¶ 14). It was night and the home was dark. (*Id.* at ¶ 15). According to Plaintiffs, Defendant Hernandez, who had a flashlight, entered Plaintiff Benjamin Contreras's dark bedroom alone, where Benjamin Contreras was lying in his underwear asleep in bed without his corrective lenses. (*Id.* at ¶¶ 16-18). Without identifying himself, Defendant Hernandez woke Mr. Contreras—who responded by asking Defendant Hernandez to get the flashlight out of his eyes and to leave the premises. (*Id.* at ¶¶ 17-18). One of the officer then turned on the overhead light, blinding Mr. Contreras; the officers commanded Mr. Contreras to get out of bed. (*Id.* at ¶¶ 19-20). According to Plaintiffs, Defendant Hernandez then confronted Mr. Contreras and an incident ensued, during which *inter alia* Defendant Taylor fired his TASER directly into Mr. Contreras's neck and shoulder area. (*Id.* at ¶¶ 21-22). When Ms. Contreras witnessed the incident, she allegedly hugged Defendant Hernandez in an attempt to persuade him to stop and was thereafter removed from the bedroom and arrested by Defendant Taylor, who subsequently returned to the bedroom. (*Id.* at ¶¶ 23-25 & 27). According to Plaintiffs, Defendants continued to fire their TASERs into Benjamin Contreras and proceeded to wrestle him to the ground, beating and kicking him. (*Id.* at ¶¶ 26-29). Though emergency medical technicians were called to the scene to treat Benjamin Contreras for the injuries caused

by Defendants Taylor and Hernandez, the officers refused to allow the emergency personnel to adequately treat Mr. Contreras.  (*Id.* at ¶ 30).

Plaintiffs were eventually handcuffed and taken to the police substation.  (*Id.* at ¶ 31).  Following processing at the substation, Benjamin Contreras was taken to the University of New Mexico Hospital.  (*Id.*).  Ms. Contreras was transported and booked into the custody at the Metropolitan Detention Center, where Mr. Contreras was also booked into custody following his receipt of medical care.  (*Id.* at ¶ 32).  Both Plaintiffs were charged and indicted for battery upon peace officers and conspiracy; Ms. Contreras was also charged with interfering with a police officer.  (*Id.* at ¶ 33).

On January 27, 2009, the Office of the District Attorney for the Second Judicial District filed a nolle prosequi for both Plaintiffs' cases.  (*Id.* at ¶ 34).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal quotation marks and citation omitted).

## ANALYSIS

**A.     Defendant Nicole Breese's Motion to Dismiss**

Defendant Nicole Breese seeks dismissal of the negligence count brought against her on the basis that the claim is barred by the statute of limitations and on the basis that Defendant

Breese is immune from liability under the New Mexico Tort Claims Act ("NMTCA"). The Court finds that the Ms. Breese's motion should be granted for several reasons.

First, as a preliminary matter, Plaintiffs did not file an opposition to the motion and the time for doing so has expired. Pursuant to Local Civil Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Second, under the NMTCA, "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." NMSA 1978, § 41-4-15. The amended complaint specifically alleges that Ms. Breese was a "public employee of the Albuquerque Police Department." (Doc. 1-1 at ¶ 9). Further, Plaintiffs' amended complaint alleges that Ms. Breese was negligent in characterizing the 911 call as involving a "family fight," which caused the officers to arrive at Mr. Contreras's house with a reasonable belief that Mr. Contreras was engaged in violent acts, and that Ms. Breese was also negligent when she assured Ms. Contreras that the officers would not be confrontational with Mr. Contreras. (*Id.* at ¶¶ 38-39). These acts and the injuries resulting therefrom allegedly occurred on October 6, 2007, yet Plaintiffs did not file the original complaint in this matter until nearly three-years later, on October 4, 2010. (Doc. 2-1 at p. 1). Accordingly, Plaintiffs' negligence claim against Ms. Breese is barred by the NMTCA's two-year statute of limitations.

Finally, Ms. Breese is also immune from liability under the NMTCA. Section 41-4-4(A) provides that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978." NMSA 1978, § 41-4-4(A). As none of the NMTCA waiver provisions apply to the negligence

4

claim alleged in this case, Ms. Breese cannot be held liable under the NMTCA. *See* NMSA 1978, §§ 41-4-5 to 41-4-12.[1]

Accordingly, the Court will grant Ms. Breese's motion to dismiss the negligence claim brought against her.

**B.     Defendant David Taylor and Michael Hernandez's Motion to Dismiss**

Defendants David Taylor and Michael Hernandez's motion seeks dismissal of three counts brought against them, namely:  Count II (civil battery), Count III (malicious prosecution), and Count IV (false arrest and false imprisonment).  They argue that these three counts are barred by the two-year statute of limitations set forth in the NMTCA.  As noted above, under the NMTCA, "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death."  NMSA 1978, § 41-4-15.

As to Count II, which alleges civil battery, the amended complaint states that the battery against Plaintiff Benjamin Contreras took place on October 6, 2007.  (Doc. 1-1 at ¶ 42).  As Plaintiff's original complaint was not filed until October 4, 2010, the Court finds that Count II, for civil battery, should be dismissed as barred by the NMTCA's two-year statute of limitations.

As to Count III, which alleges malicious prosecution, the Court will deny the motion to dismiss.  The Tenth Circuit has indicated that "[a] malicious prosecution claim accrues, at the

---

[1] While § 41-4-12 does waive immunity for "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties," NMSA 1978, § 41-4-12, there is no allegation that Ms. Breese is a law enforcement officer as that term is defined under the NMTCA.  *See* NMSA 1978, § 41-4-3(D) (defining "law enforcement officer" as a public employee "whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor").

5

earliest, when favorable termination occurs." *Miller v. Spiers*, 339 Fed. Appx. 862, 869 (10th Cir. 2009) (finding that "the allegedly favorable termination occurred when the prosecutor filed the *nolle prosequi*" as to the charges). Plaintiffs' amended complaint alleges that on January 27, 2009, the Office of the District Attorney for the Second Judicial District filed a *nolle prosequi* for both Plaintiffs' cases. (Doc. 1-1 at ¶ 34). This lawsuit was filed on October 4, 2010, less than two-years later. Accordingly, Defendants David Taylor and Michael Hernandez have not established that the malicious prosecution claim brought against them is untimely.

As to Count IV, which alleges false arrest and false imprisonment, Defendants' motion fails to address when the statute of limitations for such a claim begins to run. At least one Court in this District has found that the two-year statute of limitations applicable to false arrest and false imprisonment claims under the NMTCA begins to run from the time the allegedly false imprisonment ends, rather than the date of arrest. *Gose v. Bd. of Cnty. Comm'rs*, 727 F. Supp. 2d 1256 (D.N.M. 2010). While Plaintiffs' amended complaint states that Plaintiffs were falsely arrested and imprisoned on October 6, 2007, it does not state when the allegedly false imprisonment ceased. (Doc. 1-1 at ¶¶ 51-54). Accordingly, the Court will deny Defendants' motion as to Count IV without prejudice.

Finally, while the Court acknowledges that Plaintiffs failed to respond to Defendants David Taylor and Michael Hernandez's motion and that this failure may be construed as consent for this Court to grant the motion, *see* D.N.M.LR-Civ. 7.1(b), the Court declines to grant the motion solely on this basis. To the extent that the parties are in agreement that either Count III or Count IV should be dismissed, the parties should file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendant Nicole Breese's Motion to Dismiss Plaintiffs' Amended Complaint with Prejudice (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendants David Taylor and Michael Hernandez's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint with Prejudice (Doc. 15) is **GRANTED** to the extent it seeks dismissal of the claims against Defendant David Taylor and Defendant Michael Hernandez in Count II (civil battery) of Plaintiffs' Amended Complaint for Damages.

**IT IS FURTHER ORDERED THAT** Defendants David Taylor and Michael Hernandez's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint with Prejudice (Doc. 15) is **DENIED** to the extent it seeks dismissal of Count III (malicious prosecution) of Plaintiffs' Amended Complaint for Damages.

**IT IS FURTHER ORDERED THAT** Defendants David Taylor and Michael Hernandez's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint with Prejudice (Doc. 15) is **DENIED without prejudice** to the extent it seeks dismissal of Count IV (false arrest and false imprisonment) of Plaintiffs' Amended Complaint for Damages.

DATED this 5th day of May, 2011.

_____
MARTHA VÁZQUEZ
United States District Court Judge

Attorney for Plaintiffs:
    Jay R. Mueller, Esq.

Attorney for Defendants:
    Stephanie M. Griffin, Esq.
    Trisha A. Walker, Esq.